UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DAVID SANTIAGO, JAIRO SANTIAGO, :
and JASMARIE ESPINOZA, :
                             :
                      Plaintiffs, :
                             :
           - against - :

THE CITY OF NEW YORK, JOSE RODRIGUEZ, :
CHRISTOPHER ALICEA, TIMOTHY JAYCOX, :
KEVIN MULQUEEN, HECTOR SANTIAGO, :
LUKE MADDOCK, SHANE GUGLIUCCIELLO, :
and PAUL JESELSON, Individually and in Their :
Official Capacities, :
                             :
                    Defendants :
------------------------------------------------------------------x

14CV6014(SAS)

AMENDED COMPLAINT AND
 DEMAND FOR JURY TRIAL 

ECF CASE

        Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of

the defendants, allege:

## NATURE OF THE ACTION

        1.  This is a civil rights action to redress the defendants' violations of the rights accorded

to plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza by the Civil Rights Act of 1871,

42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth

Amendments, and by the laws of the State of New York.

        2.  Plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza are citizens of the

Untied States who were present in Apartment 12G at 1368 Webster Avenue, Bronx, New York, on

May 10, 2012, when New York City police officers Jose Rodriguez, Christopher Alicea, Timothy

Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson

forcibly entered the apartment to execute a search warrant, commanded the occupants to lie on the

floor, handcuffed plaintiff David Santiago and struck him several times, kicked plaintiff Jairo

Santiago several times, handcuffed plaintiff Jairo Santiago, kicked plaintiff Jairo Santiago numerous additional times, handcuffed plaintiff Jasmarie Espinoza, arrested the plaintiffs on false criminal charges of Criminal Possession of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, Possession of a Ammunition, and Unlawful Possession of Marijuana, transported the plaintiffs to the 42nd Precinct, where the plaintiffs were imprisoned, subjected plaintiffs David Santiago and Jairo Santiago to strip and visual cavity searches, and prosecuted the plaintiffs on false criminal charges of Possession of Criminal Possession of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, Possession of a Ammunition, and Unlawful Possession of Marijuana. The criminal prosecution against the plaintiffs was dismissed on May 22, 2013. The arrests and prosecution of plaintiffs David Santiago, Jairo Santiago, and Jasmarie Espinoza were the result of policies and practices adopted by defendant The City of New York (1) to arrest all persons present at the location of the execution of a search warrant and (2) to arrest individuals without probable cause to support the arrests.

3. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Luke Maddock, Shane Gugliucciello, and Paul Jeselson can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff David Santiago is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Plaintiff Jairo Santiago is a citizen of the United States who resides in the County of Bronx, City and State of New York.

8. Plaintiff Jasmarie Espinoza is a citizen of the United States who currently resides in the City of Binghamton, County of Broome, State of New York.

9. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

10. At all times relevant herein, defendant The City of New York maintained a police department.

11. Defendant Jose Rodriguez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Jose Rodriguez was acting within the scope of his employment by defendant The City of New York.

13. Defendant Christopher Alicea is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Christopher Alicea was acting within the scope of his employment by defendant The City of New York.

15. Defendant Timothy Jaycox is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant Timothy Jaycox was acting within the scope of his employment by defendant The City of New York.

17. Defendant Kevin Mulqueen is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

18. At all times relevant herein, defendant Kevin Mulqueen was acting within the scope of his employment by defendant The City of New York.

19. Defendant Hector Santiago is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

20. At all times relevant herein, defendant Hector Santiago was acting within the scope of his employment by defendant The City of New York.

21. Defendant Luke Maddock is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

22. At all times relevant herein, defendant Luke Maddock was acting within the scope of his employment by defendant The City of New York.

23. Defendant Shane Guglucciello is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

24.  At all times relevant herein, defendant Shane Gugliucciello was acting within the scope of his employment by defendant The City of New York.

25.  Defendant Paul Jeselson is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

26.  At all times relevant herein, defendant Paul Jeselson was acting within the scope of his employment by defendant The City of New York.

## NOTICES OF CLAIM

27.  On July 12, 2013, and within 90 days of the accrual of his cause of action for malicious prosecution, plaintiff David Santiago served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claim for malicious prosecution arose.

28.  On July 12, 2013, and within 90 days of the accrual of his cause of action for malicious prosecution, plaintiff Jairo Santiago served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claim for malicious prosecution arose.

29.  On July 12, 2013, and within 90 days of the accrual of her cause of action for malicious prosecution, plaintiff Jasmarie Espinoza served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which her claim for malicious prosecution arose.

30.  More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

31.  Plaintiffs incorporate by reference paragraphs 1 through 30 of this complaint as though the same were set forth fully herein.

32.  On May 10, 2012, plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza were guests present in apartment 12G at 1368 Webster Avenue, Bronx, New York 10456.

33.  On May 10, 2012, defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson entered the above described premises to execute a search warrant.

34.  At the time defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson entered the above described premises, plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza were in the livingroom of the apartment.

35.  The plaintiffs were instructed to lie down on the floor.

36.  After plaintiff David Santiago complied with the direction to lie down on the floor, one of the individual defendants placed a boot in his face.

37.  One of the individual defendants handcuffed plaintiff David Santiago.

38.  One of the individual defendants struck plaintiff David Santiago several times.

39.  After plaintiff Jairo Santiago complied with the direction to lie down on the floor, one of the individual defendants kicked him several times.

40.  One of the individual defendants handcuffed plaintiff Jairo Santiago while he was lying on the floor.

41.  After plaintiff Jairo Santiago was handcuffed, and while he was lying on the floor, one of the individual defendants kicked plaintiff Jairo Santiago numerous times.

42.  Subsequently, defendants Jose Rodriguez and Christopher Alicea removed plaintiff Jairo Santiago to the kitchen of the apartment, where these defendants repeatedly searched plaintiff Jairo Santiago, pulling his pants up and running their hands up his legs.

43.  Defendants Jose Rodriguez and Christopher Alicea forcibly entered a locked bedroom in apartment 12G and removed plaintiff David Santiago to that bedroom.

44.  Defendants Jose Rodriguez and Christopher Alicea pushed pieces of furniture in the bedroom into plaintiff David Santiago.

45.  Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson arrested plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza on charges of Criminal Possession of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, Possession of Ammunition, and Unlawful Possession of Marijuana.

46.  Plaintiff David Santiago was not in possession of any marijuana or ammunition.

47.  Plaintiff Jairo Santiago was not in possession of any marijuana or ammunition.

48.  Plaintiff Jasmarie Espinoza was not in possession of any marijuana or ammunition.

49.  Neither marijuana nor ammunition was found in the livingroom in which the plaintiffs were present in apartment 12G at 1368 Webster Avenue, Bronx, New York.

50.  The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff David Santiago.

51.  The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Jairo Santiago.

52.  The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Jasmarie Espinoza.

53.   The defendants then transported plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza to the 42nd Precinct at 830 Washington Avenue, Bronx, New York, where the plaintiffs were imprisoned for a period of time.

54.   At the 42nd Precinct, plaintiff David Santiago was taken to a bathroom, required to pull down his pants and underwear, and subjected to a visual cavity search and a groin area search on two occasions.

55.   The defendants did not have a search warrant or other legal process authorizing a strip search or a visual cavity search of plaintiff David Santiago.

56.   The defendants did not have a factual basis for a reasonable suspicion that plaintiff David Santiago had evidence concealed in a body cavity.

57.   At the 42nd Precinct, plaintiff Jairo Santiago was taken to a bathroom, required to pull down his pants and underwear, and subjected to a visual cavity search.

58.   The defendants did not have a search warrant or other legal process authorizing a strip search or a visual cavity search of plaintiff Jairo Santiago.

59.   The defendants did not have a factual basis for a reasonable suspicion that plaintiff Jairo Santiago had evidence concealed in a body cavity.

60.   Plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza were released from 42nd Precinct after approximately seven hours of imprisonment.

61.   Defendant Jose Rodriguez issued a Desk Appearance Ticket to each plaintiff.

62.   On information and belief, on May 11, 2012, defendant Jose Rodriguez falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that he had observed plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza in possession of 20 zip lock bags containing marijuana and 34 cartridges of .22 caliber ammunition, and that defendant

Christopher Alicea had observed plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza in possession of a large zip lock bag containing marijuana.

63. On information and belief, on May 11, 2012, defendant Jose Rodriguez falsely represented to an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza were residents of the premises in which the marijuana and ammunition had been found.

64. On information and belief, defendant Jose Rodriguez failed to inform an Assistant District Attorney in the office of the Bronx County District Attorney that the marijuana and ammunition had been found in bedrooms which were locked and to which the plaintiffs did not have access.

65. On May 11, 2012, defendant Jose Rodriguez commenced a criminal proceeding against plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza accusing the plaintiffs of the crimes Criminal Possession of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, Possession of Ammunition, and Unlawful Possession of Marijuana.

66. On September 11, 2012, plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza appeared before a judge of Bronx Supreme Court, Criminal Division, and were arraigned on the false criminal charges in the criminal proceeding commenced by defendant Jose Rodriguez.

67. On May 22, 2013, the charges against plaintiffs David Santiago, Jairo Santiago and Jasmarie Espinoza were dismissed.

## COUNT ONE ON BEHALF OF DAVID SANTIAGO
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

68. Plaintiffs incorporate by reference paragraphs 1 through 67 of this Complaint as though the same were set forth fully herein.

69.  The seizure, detention, arrest, and imprisonment of plaintiff David Santiago by defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

70.  The seizure, detention, arrest, and imprisonment of plaintiff David Santiago were made without probable cause to believe that he had committed a crime or offense.

71.  The charges upon which defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson arrested plaintiff David Santiago were false.

72.  The charges were made by defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson against plaintiff David Santiago with knowledge that they were false.

73.  Plaintiff David Santiago was aware of his seizure, detention, arrest and imprisonment by defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson.

74.  Plaintiff David Santiago did not consent to his seizure, detention, arrest or imprisonment.

75.  Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson acted in concert in the unconstitutional arrest of plaintiff David Santiago and/or could have intervened to stop the arrest.

76.  As a result of the foregoing, plaintiff David Santiago was deprived of his liberty, was imprisoned, and was subjected to emotional and physical distress, embarrassment and humiliation.

77. The seizure, detention, arrest and imprisonment of plaintiff David Santiago deprived him of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

78. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff David Santiago.

79. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson deprived plaintiff David Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff David Santiago on false criminal charges.

## COUNT TWO ON BEHALF OF DAVID SANTIAGO
## STRIP AND VISUAL CAVITY SEARCHES UNDER 42 U.S.C. §1983

80. Plaintiff incorporates by reference paragraphs 1 through 79 of this complaint as though the same were set forth fully herein.

81. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson lacked a factual basis to support a reasonable suspicion that plaintiff David Santiago had evidence concealed beneath his clothing or inside a body cavity.

82. The strip searches and body cavity searches of plaintiff David Santiago conducted

at the 42nd Precinct deprived the plaintiff of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

83. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson acted in concert in the unconstitutional searches of plaintiff David Santiago or could have intervened to stop the searches.

84. Plaintiff David Santiago suffered anxiety, mental and physical distress, embarrassment and humiliation as a result of the strip and visual cavity searches conducted by the defendants.

85. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson were acting under color of state law when they subjected plaintiff David Santiago to two strip and body cavity searches at the 42nd Precinct.

86. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson deprived plaintiff David Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting two strip and body cavity searches of plaintiff David Santiago at the 42nd Precinct.

## COUNT THREE ON BEHALF OF DAVID SANTIAGO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

87. Plaintiffs incorporate by reference paragraphs 1 through 86 of this Complaint as though the same were set forth fully herein.

88.  The criminal charges brought by defendant Jose Rodriguez against plaintiff David Santiago in Bronx Supreme Court, Criminal Division, were false.

89.  The criminal proceeding commenced by defendant Jose Rodriguez against plaintiff David Santiago in Bronx Supreme Court, Criminal Division, was instituted by this defendant with knowledge that the charges were false.

90.  Defendant Jose Rodriguez lacked probable cause to believe that plaintiff David Santiago had possessed marijuana or ammunition.

91.  Defendant Jose Rodriguez was acting with malice when he commenced the criminal proceeding against plaintiff David Santiago.

92.  The criminal proceeding instituted by defendant Jose Rodriguez against plaintiff David Santiago was terminated in plaintiff David Santiago's favor.

93.  As a result of the prosecution of plaintiff David Santiago on false criminal charges, the plaintiff was subjected to emotional distress, embarrassment and humiliation.

94.  Defendant Jose Rodriguez was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that he had observed plaintiff David Santiago in possession of 20 zip lock bags containing marijuana and 34 cartridges of .22 caliber ammunition, that defendant Christopher Alicea had observed plaintiff David Santiago in possession of a large zip lock bag containing marijuana, and that plaintiff David Santiago resided in the apartment in which the marijuana and ammunition were found.

95.  Defendant Jose Rodriguez was acting under color of state law when he commenced a criminal proceeding against plaintiff David Santiago in Bronx Supreme Court, Criminal Division.

96.  Defendant Jose Rodriguez deprived plaintiff David Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of

the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff David Santiago on false criminal charges.

### COUNT FOUR ON BEHALF OF DAVID SANTIAGO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

97.   Plaintiffs incorporate by reference paragraphs 1 through 96 of this Complaint as though the same were set forth fully herein.

98.   The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

99.   The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

100.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting all persons present at premises in which a search warrant is being executed, regardless of the lack of evidence of commission of a crime by some or all of those persons, in violation of the Fourth Amendment of the Constitution of the United States.

101.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment of the Constitution of the United States.

102.   The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in proper procedures for the execution of search warrants consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the standards of probable cause and the requirements for the arrest of persons present during the execution of a search warrant;

(c) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless arrests of individuals for possession of controlled substances, marijuana or other contraband consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(d) Defendant The City of New York encouraged or permitted police officers executing search warrants to arrest all persons present in the premises being searched regardless of the absence of probable cause for such arrests;

(e) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the execution of search warrants and during warrantless arrests;

(f) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(g) Defendant The City of New York failed to discipline police officers for making warrantless arrests of all persons present during the execution of search warrants where probable cause for an arrest did not exist.

103. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

104. The arrest, imprisonment and prosecution of plaintiff David Santiago on false criminal charges resulted from the failure of defendant The City of New York properly to train,

supervise, monitor and discipline its police officers in the execution of search warrants, the standards of probable cause, and the requirements for warrantless arrests.

105.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search warrant is being executed.

106.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

107.  Defendant The City of New York deprived plaintiff David Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting all persons present in premises in which a search warrant is executed.

## COUNT FIVE ON BEHALF OF DAVID SANTIAGO
## MUNICIPAL LIABILITY FOR VISUAL CAVITY SEARCHES UNDER 42 U.S.C. §1983

108.  Plaintiffs incorporate by reference paragraphs 1 through 107 this Complaint as though the same were set forth fully herein.

109.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing visual cavity searches of persons charged with minor crimes in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

110.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing visual cavity searches of persons under

arrest despite the absence of a factual basis for a reasonable suspicion to believe that the persons had evidence concealed within a body cavity.

111. The aforesaid custom, policy, and practice of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals can be subjected to visual cavity searches;

(b) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the processing of arrested individuals;

(c) Defendant The City of New York failed properly to supervise police officers during the processing of arrests to ensure that visual cavity searches were not performed where no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity;

(d) Defendant The City of New York failed to discipline police officers for performing visual cavity searches under circumstances in which no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity.

112. The visual cavity searches to which plaintiff David Santiago was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

113. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence concealed within a body cavity.

114. Defendant The City of New York deprived plaintiff David Santiago of his right to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in

violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence concealed within a body cavity.

## COUNT SIX ON BEHALF OF DAVID SANTIAGO
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

115.  Plaintiffs incorporate by reference paragraphs 1 through 114 of this Complaint as though the same were set forth fully herein.

116.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

117.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

118.  Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

119.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

120.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff David Santiago would be violated.

121.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff David Santiago.

122.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

123.   Defendant The City of New York deprived plaintiff David Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom  of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

**COUNT SEVEN ON BEHALF OF DAVID SANTIAGO
COMMON LAW MALICIOUS PROSECUTION**

124.   Plaintiffs incorporate by reference paragraphs 1 through 123 of this Complaint as though the same were set forth fully herein.

125.   Defendants Jose Rodriguez and The City of New York maliciously prosecuted plaintiff David Santiago on false criminal charges of Criminal Possession of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, Possession of Ammunition, and Unlawful Possession of Marijuana.

126.  As a result of the criminal proceedings instituted by defendants Jose Rodriguez and The City of New York, plaintiff David Santiago was subjected to emotional and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT EIGHT ON BEHALF OF JAIRO SANTIAGO
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

127.  Plaintiffs incorporate by reference paragraphs 1 through 126 of this Complaint as though the same were set forth fully herein.

128.  The  seizure, detention, arrest, and imprisonment of plaintiff Jairo Santiago by defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

129.  The seizure, detention, arrest, and imprisonment of plaintiff Jairo Santiago were made without probable cause to believe that he had committed a crime or offense.

130.  The charges upon which  defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson arrested plaintiff Jairo Santiago were false.

131.  The charges were made by defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson against plaintiff Jairo Santiago with knowledge that they were false.

132.  Plaintiff Jairo Santiago was aware of his seizure, detention, arrest and imprisonment by defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson.

133.  Plaintiff Jairo Santiago did not consent to his seizure, detention, arrest or imprisonment.

134. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson acted in concert in the unconstitutional arrest of plaintiff Jairo Santiago and/or could have intervened to stop the arrest.

135. As a result of the foregoing, plaintiff Jairo Santiago was deprived of his liberty, was imprisoned, and was subjected to emotional and physical distress, embarrassment and humiliation.

136. The seizure, detention, arrest and imprisonment of plaintiff Jairo Santiago deprived him of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

137. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Jairo Santiago.

138. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson deprived plaintiff Jairo Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Jairo Santiago on false criminal charges.

## COUNT NINE ON BEHALF OF JAIRO SANTIAGO
## STRIP AND VISUAL CAVITY SEARCH UNDER 42 U.S.C. §1983

139. Plaintiff incorporates by reference paragraphs 1 through 138 of this complaint as though the same were set forth fully herein.

140. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson lacked a factual basis to support a reasonable suspicion that plaintiff Jairo Santiago had evidence concealed beneath his clothing or inside a body cavity.

141. The strip search and body cavity search of plaintiff Jairo Santiago conducted at the 42nd Precinct deprived the plaintiff of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

142. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson acted in concert in the unconstitutional search of plaintiff Jairo Santiago and/or could have intervened to stop the searches.

143. Plaintiff Jairo Santiago suffered anxiety, mental and physical distress, embarrassment and humiliation as a result of the strip search and visual cavity search conducted by the defendants.

144. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson were acting under color of state law when they subjected plaintiff Jairo Santiago to a body cavity search at the 42nd Precinct.

145. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson deprived plaintiff Jairo Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a strip and body cavity search of plaintiff Jairo Santiago at the 42nd Precinct.

## COUNT TEN ON BEHALF OF JAIRO SANTIAGO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

146.  Plaintiffs incorporate by reference paragraphs 1 through 145 of this Complaint as though the same were set forth fully herein.

147.  The criminal charges brought by defendant Jose Rodriguez against plaintiff Jairo Santiago in Bronx Supreme Court, Criminal Division, were false.

148.  The criminal proceeding commenced by defendant Jose Rodriguez against plaintiff Jairo Santiago in Bronx Supreme Court, Criminal Division, was instituted by this defendant with knowledge that the charges were false.

149.  Defendant Jose Rodriguez lacked probable cause to believe that plaintiff David Santiago had possessed marijuana or ammunition.

150.  Defendant Jose Rodriguez was acting with malice when he commenced the criminal proceeding against plaintiff Jairo Santiago.

151.  The criminal proceeding instituted by defendant Jose Rodriguez against plaintiff Jairo Santiago was terminated in plaintiff Jairo Santiago's favor.

152.  As a result of the prosecution of plaintiff Jairo Santiago on false criminal charges, the plaintiff was subjected to emotional distress, embarrassment and humiliation.

153.  Defendant Jose Rodriguez was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that he had observed plaintiff Jairo Santiago in possession of 20 zip lock bags containing marijuana and 34 cartridges of .22 caliber ammunition,  that defendant Christopher Alicea had observed plaintiff Jairo Santiago in possession of a large zip lock bag containing marijuana, and that plaintiff Jairo Santiago resided in the apartment in which the marijuana and ammunition were found.

154. Defendant Jose Rodriguez was acting under color of state law when he commenced a criminal proceeding against plaintiff Jairo Santiago in Bronx Supreme Court, Criminal Division.

155. Defendant Jose Rodriguez deprived plaintiff Jairo Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Jairo Santiago on false criminal charges.

## COUNT ELEVEN ON BEHALF OF JAIRO SANTIAGO
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

156. Plaintiffs incorporate by reference paragraphs 1 through 155 of this Complaint as though the same were set forth fully herein.

157. The arrest, imprisonment and prosecution of plaintiff Jairo Santiago on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the execution of search warrants, the standards of probable cause, and the requirements for warrantless arrests.

158. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search warrant is being executed.

159. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

160. Defendant The City of New York deprived plaintiff Jairo Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by

adopting and enforcing a policy, practice or custom of arresting all persons present in premises in which a search warrant is executed.

## COUNT TWELVE ON BEHALF OF JAIRO SANTIAGO
## MUNICIPAL LIABILITY FOR VISUAL CAVITY SEARCHES UNDER 42 U.S.C. §1983

161.  Plaintiffs incorporate by reference paragraphs 1 through 160 of this Complaint as though the same were set forth fully herein.

162.  The visual cavity searches to which plaintiff Jairo Santiago was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

163.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence concealed within a body cavity.

164.  Defendant The City of New York deprived plaintiff Jairo Santiago of his right to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence concealed within a body cavity.

## COUNT THIRTEEN ON BEHALF OF JAIRO SANTIAGO
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

165.  Plaintiffs incorporate by reference paragraphs 1 through 164 of this Complaint as though the same were set forth fully herein.

166. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

167. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jairo Santiago would be violated.

168. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jairo Santiago.

169. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

170. Defendant The City of New York deprived plaintiff Jairo Santiago of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police

officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FOURTEEN ON BEHALF OF JAIRO SANTIAGO
## COMMON LAW MALICIOUS PROSECUTION

171. Plaintiffs incorporate by reference paragraphs 1 through 170 of this Complaint as though the same were set forth fully herein.

172.   Defendants Jose Rodriguez and The City of New York maliciously prosecuted plaintiff Jairo Santiago on false criminal charges of Criminal Possession of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, Possession of Ammunition, and Unlawful Possession of Marijuana.

173.   As a result of the criminal proceedings instituted by defendants Jose Rodriguez and The City of New York, plaintiff Jairo Santiago was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment

## COUNT FIFTEEN ON BEHALF OF JASMARIE ESPINOZA
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

174.   Plaintiffs incorporate by reference paragraphs 1 through 173 of this Complaint as though the same were set forth fully herein.

175.   The seizure, detention, arrest, and imprisonment of plaintiff Jasmarie Espinoza by defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson were made without any warrant or other legal process directing or authorizing her seizure, detention, arrest, or imprisonment.

176.   The seizure, detention, arrest, and imprisonment of plaintiff Jasmarie Espinoza were made without probable cause to believe that she had committed a crime or offense.

177.   The charges upon which  defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson arrested plaintiff Jasmarie Espinoza were false.

178.   The charges were made by defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson against plaintiff Jasmarie Espinoza with knowledge that they were false.

179. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson acted in concert in the unconstitutional arrest of plaintiff Jasmarie Espinoza and/or could have intervened to stop the arrest.

180. Plaintiff Jasmarie Espinoza was aware of her seizure, detention, arrest and imprisonment by defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson.

181. Plaintiff Jasmarie Espinoza did not consent to her seizure, detention, arrest or imprisonment.

182. As a result of the foregoing, plaintiff Jasmarie Espinoza was deprived of her liberty, was imprisoned, and was subjected to emotional and physical distress, embarrassment and humiliation.

183. The seizure, detention, arrest and imprisonment of plaintiff Jasmarie Espinoza deprived her of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

184. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Jasmarie Espinoza.

185. Defendants Jose Rodriguez, Christopher Alicea, Timothy Jaycox, Kevin Mulqueen, Hector Santiago, Luke Maddock, Shane Gugliucciello and Paul Jeselson deprived plaintiff Jasmarie Espinoza of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state

law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Jasmarie Espinoza on false criminal charges.

### COUNT SIXTEEN ON BEHALF OF JASMARIE ESPINOZA MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

186.  Plaintiffs incorporate by reference paragraphs 1 through 185 of this Complaint as though the same were set forth fully herein.

187.  The criminal charges brought by defendant Jose Rodriguez against plaintiff Jasmarie Espinoza in Bronx Supreme Court, Criminal Division, were false.

188.  The criminal proceeding commenced by defendant Jose Rodriguez against plaintiff Jasmarie Espinoza in Bronx Supreme Court, Criminal Division, was instituted by this defendant with knowledge that the charges were false.

189.  Defendant Jose Rodriguez lacked probable cause to believe that plaintiff Jasmarie Espinoza had possessed marijuana or ammunition.

190.  Defendant Jose Rodriguez was acting with malice when he commenced the criminal proceeding against plaintiff Jasmarie Espinoza.

191.  The criminal proceeding instituted by defendant Jose Rodriguez against plaintiff Jasmarie Espinoza was terminated in plaintiff Jasmarie Espinoza's favor.

192.  As a result of the prosecution of plaintiff Jasmarie Espinoza on false criminal charges, the plaintiff was subjected to emotional distress, embarrassment and humiliation.

193.  Defendant Jose Rodriguez was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that he had observed plaintiff Jasmarie Espinoza in possession of 20 zip lock bags containing marijuana and 34 cartridges of .22 caliber ammunition, that defendant Christopher Alicea had observed plaintiff

Jasmarie Espinoza in possession of a large zip lock bag containing marijuana, and that plaintiff Jasmarie Espinoza resided in the apartment in which the marijuana and ammunition were found..

194.  Defendant Jose Rodriguez was acting under color of state law when he commenced a criminal proceeding against plaintiff Jasmarie Espinoza in Bronx Supreme Court, Criminal Division.

195.  Defendant Jose Rodriguez deprived plaintiff Jasmarie Espinoza of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Jasmarie Espinoza on false criminal charges.

### COUNT SEVENTEEN ON BEHALF OF JASMARIE ESPINOZA<br>MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

196.  Plaintiffs incorporate by reference paragraphs 1 through 195 of this Complaint as though the same were set forth fully herein.

197.  The arrest, imprisonment and prosecution of plaintiff Jasmarie Espinoza on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the execution of search warrants, the standards of probable cause, and the requirements for warrantless arrests.

198.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search warrant is being executed.

199.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

200.  Defendant The City of New York deprived plaintiff Jasmarie Espinoza of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting all persons present in a premises in which a search warrant is being executed.

## COUNT EIGHTEEN ON BEHALF OF JASMARIE ESPINOZA
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

201.  Plaintiffs incorporate by reference paragraphs 1 through 200 of this Complaint as though the same were set forth fully herein.

202.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

203.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jasmarie Espinoza would be violated.

204.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jasmarie Espinoza.

205.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

206. Defendant The City of New York deprived plaintiff Jasmarie Espinoza of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT NINETEEN ON BEHALF OF JASMARIE ESPINOZA
## COMMON LAW MALICIOUS PROSECUTION

207. Plaintiffs incorporate by reference paragraphs 1 through 206 of this Complaint as though the same were set forth fully herein.

208. Defendants Jose Rodriguez and The City of New York maliciously prosecuted plaintiff Jasmarie Espinoza on false criminal charges of Criminal Possession of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, Possession of Ammunition, and Unlawful Possession of Marijuana.

209. As a result of the criminal proceedings instituted by defendants Jose Rodriguez and The City of New York, plaintiff Jasmarie Espinoza was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment..

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
       November 20, 2014

MICHELSTEIN & ASSOCIATES, PLLC

By:_____
      Steven D, Michelstein (SM3323)
      Attorneys for Plaintiff
      485 Madison Avenue
      New York, New York 10022
      malaw485@yahoo.com
      (212) 588-0880